UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELIZABETH RIVELLINO, ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:08-cv-1100-WTL-TAB |
| ) | |
| UNITED PARCEL SERVICE, INC, ) | |
| d/b/a UPS, ) | |
| ) | |
|   Defendant. ) | |

## ENTRY DENYING MOTION FOR ENLARGEMENT OF TIME

On September 30, 2009, the Defendant filed a motion for summary judgment in this case. On October 30, 2009, the Plaintiff sought and was granted, over the Defendant's objection, an extension of time to respond to November 30, 2009.  The good cause shown for that extension was the illness of Plaintiff's counsel, his wife, and his child.  On November 30, 2009, Plaintiff moved once again for the extension of her response deadline, this time to January 8, 2010.  The good cause shown for that motion included the fact that the Plaintiff had not yet received the transcript of the deposition of Dr. Mark Ogle, that the Plaintiff herself was recovering from knee replacement surgery, and that Plaintiff's counsel had been ill for the week leading up to the deadline.  The Plaintiff also stated that she would like to have a settlement conference "either before or after the requested deadline for her response."  The Magistrate Judge assigned to this case granted that motion in part, giving the Plaintiff until December 17, 2009, to file her response.

On December 16, 2009, the Plaintiff filed yet another motion for extension of the response deadline, this time essentially requesting that the deadline be extended indefinitely until after a settlement conference was held because the cost of preparing a response would

"substantially impair the ability of the Plaintiff to settle the case." Plaintiff's counsel also represented that the press of other work had prohibited him from preparing a response by the December 17th deadline and that the Defendant did not object to the requested extension as long as the trial date was continued. In light of the Defendant's lack of objection, the Court granted the Plaintiff's motion in part, enlarging the Plaintiff's response deadline to January 20, 2010, and warning, in all caps and bold type, that no further enlargements should be anticipated.

Now pending before the Court is the Plaintiff's fourth motion for extension of her summary judgment response deadline, to which the Defendant does object. In the motion, which was filed well after business hours on the January 20th deadline, Plaintiff's counsel argues that another extension is warranted because due to a mistake on the part of the court reporter he did not receive the transcript of the deposition of Dr. Ogle until December 16th and did not receive the transcript of the Plaintiff's own deposition until January 19th, even though both depositions had been taken several months earlier (one in July, the other in September). Plaintiff's counsel's failure to follow up with the court reporter as necessary to obtain the deposition transcripts simply cannot constitute good cause for extending the response deadline for a fourth time. Neither can the fact that Plaintiff's counsel apparently does not own a scanner–which in 2010 is a basic office necessity–and therefore must outsource the depositions and exhibits to be converted to PDF format for electronic filing, another reason he gives for needing more time. *See* Local Rule 5.1 ("Documents that exist only in paper format may be scanned into PDF for electronic filing.").

Pursuant to Federal Rule of Civil Procedure 6(b), in order to grant the Plaintiff's motion for additional time, the Court must find good cause for doing so. Plaintiff's counsel simply has

2

not come close to demonstrating good cause for his requested extension. Further, he was warned by the Court in the December 17, 2009, Entry that he should not anticipate any additional extensions. Perhaps he believed that by waiting until after business hours on the deadline to file his motion, the Court would feel compelled to grant him additional time. If the Court were so easily manipulated, its docket would quickly become completely unmanageable.

"When parties wait until the last minute to comply with a deadline, they are playing with fire." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996). Plaintiff's counsel's choice to do so in this case was a poor one. The Plaintiff's motion for a fourth extension of time to file a response to the Defendant's summary judgment motion is **DENIED**. The Court will take the Defendant's motion under advisement without the aid of the Plaintiff's response.

SO ORDERED: 01/21/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Nelson D. Alexander
FROST BROWN TODD LLC
nalexander@fbtlaw.com

Michael C. Kendall
KENDALL LAW OFFICE
mckatlaw@aol.com

Jeffrey S. Piell
QUARLES & BRADY LLP
jpiell@quarles.com

Amy Suzanne Wilson
FROST BROWN TODD LLC
awilson@fbtlaw.com